UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: DENNIS A. PERRY       CIVIL ACTION

NOs. 23-5265
     23-5266

SECTION: "G"(2)

**ORDER AND REASONS**

Before the Court is a Motion to Stay Pending Appeal[1] filed by Bankruptcy Appellants Dr. William Alden, Perry Associates, LLC, Crescent City Property Redevelopment Association, LLC, Crescent City Medical Services, Inc., Private Connection Auto, LLC, 4330 State Street Drive, LLC, and 1100 South Jefferson Davis Parkway, LLC (collectively, "Appellants"). Bankruptcy Debtor and Appellee Dennis A. Perry ("Perry") opposes the motion.[2] For the reasons discussed in more detail below, the Court denies the motion without prejudice. Appellants have not shown that the Bankruptcy Court's liability determinations should be stayed before the Bankruptcy Court rules on outstanding damages issues. Nothing in this order should be interpreted as precluding Appellants from requesting a stay after the Bankruptcy Court rules on the outstanding damages issues.

**I. Background**

In 2022, the Bankruptcy Court held a four-day trial on liability in Perry's main bankruptcy case and the claims alleged in two adversary proceedings.[3] Prior to trial, all parties agreed that the issue of damages would be bifurcated and determined at a second trial after the Bankruptcy Court's

---

[1] Case No. 23-5265, Rec. Doc. 7; Case No. 23-5266, Rec. Doc. 6.

[2] Case No. 23-5266, Rec. Doc. 9.

[3] Bankr. Case No. 20-11986, Rec. Doc. 460.

1

determination of liability.[4] The Bankruptcy Court issued an Original Memorandum Opinion and Order on September 1, 2023 (the "Original Opinion").[5] On September 12, 2023, Appellants filed notices of appeal, which were allotted to this Court.[6]

Perry then filed a motion to amend the judgment, and the Bankruptcy Court issued an amended ruling on November 21, 2023.[7] During a conference with the Bankruptcy Court held on October 30, 2023, the parties agreed to conduct discovery as to damages in December 2023.[8] The trial on damages is set to occur before the Bankruptcy Court on Tuesday, January 9, and Thursday, January 11, 2024.[9]

On December 11, 2023, Perry filed a Motion for Extension of Deadlines in this Court, requesting that the deadline to file appellate briefs be continued until after the Bankruptcy Court rules on his request for damages and his post-judgment Motion for Attorneys' Fees.[10] On December 14, 2023, this Court granted the motion.[11] The Court ordered that within 5 days of the Bankruptcy Court's ruling on the pending matters, Perry shall file a notice into the record with

---

[4] *Id.*

[5] Bankr. Case No. 20-11986, Rec. Doc. 400.

[6] Case No. 23-5265 (filed by appellants Perry Associates, LLC, Crescent City Property Redevelopment Association, LLC, Crescent City Medical Services, Inc., Private Connection Auto, LLC, and William W. Alden on September 12, 2023); Case No. 23-5266 (filed by appellants Perry Associates, LLC, Crescent City Property Redevelopment Association, LLC, Crescent City Medical Services, Inc., Private Connection Auto, LLC, and William W. Alden on September 12, 2023); Case No. 23-5341 (filed by appellant Darryl Fish on September 15, 2023); Case No. 23-5343 (filed by appellant David Edward Cook on September 15, 2023).

[7] Bankr. Case No. 20-11986, Rec. Doc. 433.

[8] Bankr. Case No. 20-11986, Rec. Doc. 460.

[9] *Id.*

[10] Case No. 23-5265, Rec. Doc. 5.

[11] Case No. 23-5265, Rec. Doc. 5.

a certified copy of the Bankruptcy Judge's final order.[12] The Court ordered that the deadline for Appellants to file briefs was continued until 30 days after filing of the notice.[13]

On December 15, 2023, Appellants filed a motion to stay in the Bankruptcy Court.[14] Following an expedited hearing, the Bankruptcy Court denied the motion on December 21, 2023.[15] The Bankruptcy Court reasoned that Appellants had waived their right to request a stay by agreeing to bifurcate liability and damages.[16]

On December 22, 2023, Appellants filed a Motion to Stay Pending Appeal in this Court.[17] On January 3, 2024, Perry filed an opposition to the motion.[18] Also on January 3, 2024, Appellants filed a supplemental brief in further support of the motion.[19]

## II. Parties' Arguments

### A. *Appellants' Arguments in Support of the Motion*

Appellants move this Court to stay the Bankruptcy Court's orders entered on September 1, 2023 and November 21, 2023, pending appeal.[20] Appellants acknowledge that the Bankruptcy Court bifurcated the case into a trial on liability and a trial on damages.[21] Appellants state that the

---

[12] Case No. 23-5265, Rec. Doc. 5.

[13] Case No. 23-5265, Rec. Doc. 5.

[14] Bankr. Case No. 20-11986, Rec. Doc. 448.

[15] Bankr. Case No. 20-11986, Rec. Doc. 460.

[16] *Id.*

[17] Case No. 23-5265, Rec. Doc. 7; Case No. 23-5266, Rec. Doc. 6.

[18] Case No. 23-5266, Rec. Doc. 9.

[19] Case No. 23-5265, Rec. Doc. 10; Case No. 23-5266, Rec. Doc. 10.

[20] Case No. 23-5265, Rec. Doc. 7 at 1; Case No. 23-5266, Rec. Doc. 6 at 1.

[21] Case No. 23-5265, Rec. Doc. 7 at 2; Case No. 23-5266, Rec. Doc. 6 at 2.

3

damages issues have not been tried, but are scheduled for trial on January 9 and 11, 2024.[22] However, Appellants suggest that the Bankruptcy Court's November 21, 2023 ruling, "effectively stripped [Appellants] of their rights to a contradictory hearing by summarily ruling on quantum issues not yet tried."[23] Appellants argue that trying "the few . . . remaining quantum issues without appellate review of the [Bankruptcy] Court's premature rulings is a waste of judicial economy."[24] If the order is not stayed pending appeal, Appellants state that they will suffer irreparable injury, "in that appellants will be forced to try issues that may well be rendered moot by the appellate decision, as the trial court's decision ignores substantial documentary evidence and finds the appellant guilty of potential criminal behavior."[25] Appellants assert that they are likely to prevail on appeal, and Perry will not be harmed by a stay.[26] Appellants contend that "[g]ranting the stay will do no harm to the public interest, and indeed the rule against unjust enrichment of [Perry] will be served by granting the stay, rather than ordering the liquidation of properties without considering the reimbursement [to] the appellants for the costs of improvements, undisputed loans, and the payoff of substantial mortgage balances owed by [Perry]."[27]

### B.     *Perry's Arguments in Opposition to the Motion*

Perry argues that the motion to stay is premature because the parties agreed to a two-tiered trial, and the damages issues remain pending before the Bankruptcy Court.[28] Additionally, Perry

---

[22] Case No. 23-5265, Rec. Doc. 7 at 2; Case No. 23-5266, Rec. Doc. 6 at 2.

[23] Case No. 23-5265, Rec. Doc. 7 at 2; Case No. 23-5266, Rec. Doc. 6 at 2.

[24] Case No. 23-5265, Rec. Doc. 7 at 3; Case No. 23-5266, Rec. Doc. 6 at 3.

[25] Case No. 23-5265, Rec. Doc. 7 at 3; Case No. 23-5266, Rec. Doc. 6 at 3.

[26] Case No. 23-5265, Rec. Doc. 7 at 4–5; Case No. 23-5266, Rec. Doc. 6 at 4–5.

[27] Case No. 23-5265, Rec. Doc. 7 at 6; Case No. 23-5266, Rec. Doc. 6 at 6.

[28] Case No. 23-5266, Rec. Doc. 9 at 3.

asserts that the motion should be denied on the merits because Appellants have not posted a bond to secure the estate while the appeal is pending.[29] Perry contends that staying the bankruptcy case at this point would double the cost of appeal, because if this Court affirms the Bankruptcy Court before the Bankruptcy Court makes a determination on damages, Appellants would likely appeal again after a damages determination.[30]

C.  *Appellants' Arguments in Further Support of the Motion*

In the supplemental brief, Appellants state that, since the filing of the motion to stay, they have received discovery responses from Perry, in which Perry "repeatedly asserts that questions propounded in the discovery are irrelevant to the issues of Perry's damages and attorney's fees."[31] Further, Appellants assert that "the responses repeatedly refer to the fact that the [Bankruptcy Court] has already ruled on issues that are clearly quantum issues, which were supposed to be bifurcated for trial but on which the trial court issued orders without affording [Appellants] the opportunity to present evidence."[32] Appellants suggest that "[a] review of the wholly inadequate responses makes clear the waste of time and judicial economy that would be caused by refusing to stay the trial pending the appeal in this matter, and the efforts of [Perry] to thwart the ability of [Appellants] to be afforded their day in Court."[33]

### III. Law and Analysis

Appellants move this Court to stay the Bankruptcy Court's orders entered on September 1,

---

[29] *Id.* at 3–4.

[30] *Id.* at 4.

[31] Case No. 23-5265, Rec. Doc. 10 at 1; Case No. 23-5266, Rec. Doc. 10 at 1.

[32] Case No. 23-5265, Rec. Doc. 10 at 1; Case No. 23-5266, Rec. Doc. 10 at 1.

[33] Case No. 23-5265, Rec. Doc. 10 at 2; Case No. 23-5266, Rec. Doc. 10 at 2.

2023 and November 21, 2023, pending appeal.[34] Although Appellants acknowledge that they agreed to bifurcate the case into a trial on liability and a trial on damages before the Bankruptcy Court and the damages trial has not yet occurred, they argue that the bankruptcy case should be stayed before the January 2024 trial on damages.

Under Rule 8007 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Court or the District Court may suspend proceedings in a case pending disposition of an appeal. In determining whether to issue a stay pending appeal, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[35]

Perry argues that the motion to stay is premature because the parties agreed to a two-tiered trial, and the damages issues remain pending before the Bankruptcy Court.[36] This Court agrees. Appellants suggest that they should not be forced to try the damages issues before the Bankruptcy Court, because they believe that they are likely to succeed on this appeal. Perry counters that if this Court were to affirm the Bankruptcy Court before allowing it to render a decision on damages, Appellants will likely appeal again. Allowing the Bankruptcy Court to decide damages in a second trial, as initially agreed to by the parties, before proceeding with this appeal, promotes judicial economy. The federal rules seek to avoid piecemeal appeals.[37] Proceeding with this appeal before

---

[34] Case No. 23-5265, Rec. Doc. 7 at 1; Case No. 23-5266, Rec. Doc. 6 at 1.

[35] *In re Richard P. Simone*, No. 18-21993, 2023 WL 8605919, at *2 (Bankr. D. Conn. Dec. 12, 2023) (quoting *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007)). *See also In re Hopkins*, No. 23-2421, 2023 WL 8437234, at *4 (D.N.J. Dec. 5, 2023) (quoting *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991)).

[36] Case No. 23-5266, Rec. Doc. 9 at 3.

[37] *See PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

the Bankruptcy Court makes a final damages determination would result in a piecemeal appeal.

Appellants argue that the Bankruptcy Court has "effectively stripped [Appellants] of their rights to a contradictory hearing by summarily ruling on quantum issues not yet tried."[38] This is an issue that can be raised in the appeal brief. Appellants acknowledge that there are a "few" remaining quantum issues,[39] and they do not provide a compelling reason why the appeal should proceed before those issues are decided by the Bankruptcy Court.

Finally, Appellants contend that "[g]ranting the stay will do no harm to the public interest, and indeed the rule against unjust enrichment of [Perry] will be served by granting the stay, rather than ordering the liquidation of properties without considering the reimbursement [to] the appellants for the costs of improvements, undisputed loans, and the payoff of substantial mortgage balances owed by [Perry]."[40] Appellants have not shown that the Bankruptcy Court's liability determinations should be stayed before the Bankruptcy Court rules on outstanding damages issues. Appellants do not suggest that property will be liquidated before the January 2024 damages trial. Nothing in this order should be interpreted as precluding Appellants from requesting a stay after the Bankruptcy Court rules on the outstanding damages issues.[41] Accordingly,

---

[38] Case No. 23-5265, Rec. Doc. 7 at 2; Case No. 23-5266, Rec. Doc. 6 at 2.

[39] Case No. 23-5265, Rec. Doc. 7 at 3; Case No. 23-5266, Rec. Doc. 6 at 3.

[40] Case No. 23-5265, Rec. Doc. 7 at 6; Case No. 23-5266, Rec. Doc. 6 at 6.

[41] A bond is generally required for a stay. While posting an appeal bond is not mandatory, "if the movant seeks imposition of a stay without a bond, the applicant has the burden of demonstrating why a court should deviate from the ordinary full security requirement." *In re Motors Liquidation Co.*, 539 B.R. 676, 686 (Bankr. S.D.N.Y. 2015) (internal quotations omitted).

**IT IS HEREBY ORDERED** that the Motion to Stay Pending Appeal[42] is **DENIED WITHOUT PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this __4th__ day of January, 2024.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[42] Case No. 23-5265, Rec. Doc. 7; Case No. 23-5266, Rec. Doc. 6.